IN THE UNITED STATES BANKRUPTCY COURT
FOR THE
SOUTHERN DISTRICT OF GEORGIA
Brunswick Division

| | |
|---|---|
| IN RE: ) ) JOYCE ANN COOK, ) ) Debtor ) _____ ) ) THE HERITAGE BANK ) ) Creditor/Movant ) ) v. ) ) JOYCE ANN COOK ) ) Debtor ) ) THE ESTATE OF WILLENE MCNAIR ) ) Codebtor ) ) M. ELAINA MASSEY ) ) Chapter 13 Trustee ) ) Respondents ) ) | CHAPTER 13 CASE NUMBER <u>14-20547</u> **FILED** Lucinda B. Rauback, Clerk United States Bankruptcy Court Savannah, Georgia *By pbryan at 4:46 pm, Nov 04, 2014* |

**<u>OPINION AND ORDER DISMISSING CODEBTOR RELIEF FROM STAY MOTION</u>**

This matter is before me on Heritage Bank's Motion for Relief from the Codebtor Stay. The Motion is dismissed because the codebtor stay only protects codebtors who are individuals under the Bankruptcy Code.

AO 72A
(Rev. 8/82)

## FINDINGS OF FACT

On April 21, 2006, Joyce Ann Cook ("Debtor") executed a note in favor of Heritage Bank in the amount of $57,186.50 ("Mortgage"). (ECF No. 34 ¶ 2.)[1] The Mortgage is secured by a perfected security interest in real property purchased by the Debtor at 800 Elim Church Road NE, Ludowici, GA ("Collateral"). (Sch. D of ECF No. 1.)

Willene McNair was listed as a co-obligor on the Mortgage. (Id.) Following Ms. McNair's death in February 2012, the Estate of Willene McNair now stands as the co-obligor on the Mortgage. (ECF No. 34 ¶ 6.)

The Debtor filed for chapter 13 bankruptcy relief on June 17, 2014. (ECF No. 1.) Heritage Bank filed a Proof of Claim for $45,421.84. (Claim No. 1, Jun. 19, 2014.) As of the commencement of the case, the Collateral was valued at $68,729.00. (Sch. A of ECF No. 1.)

## CONCLUSIONS OF LAW

Chapter 13 of the Bankruptcy Code includes a stay of action against a codebtor. 11 U.S.C. § 1301(a). This provision stays the efforts of a creditor to collect a debt from an individual codebtor without first requesting stay relief:

---

[1] References to the chapter 13 case docket appear in the following format: (ECF No. ___.)

2

> (a) Except as provided in subsections (b) and (c) of this section, after the order for relief under this chapter, a creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from any **individual** that is liable on such debt with the debtor, or that secured such debt, unless -
>
> (1) such individual became liable on or secured such debt in the ordinary course of such individual's business; or
>
> (2) the case is closed, dismissed, or converted to a case under chapter 7 or 11 of this title.

Id. (emphasis added).

A decedent estate is not an individual under the Bankruptcy Code. See In re Estate of Patterson, 64 B.R. 807, 808 (Bankr. W.D. Tex. 1986)(Estates are not "persons."); In re Brown's Estate, 16 B.R. 128, 128 (Bankr. D.D.C. 1981)(A probate estate is not an individual person within the meaning of the Bankruptcy Code.); but see In re Case, 148 B.R. 901, 902 (Bankr. W.D. Mo. 1992) (Decedent's estate is an individual because it is the extension of an individual natural person.).

The Bankruptcy Code does not define the term individual.[2] The Bankruptcy Code does, however, define the term "entity." 11 U.S.C. § 101(15).

The definition of entity includes a "person"—which includes "individual, partnership and corporation," 11 U.S.C. §

---

[2] I have previously ruled that Congress generally uses the word "individual" to distinguish natural persons from corporations and partnerships. See Georgia Scale Co. v. Toledo Scale Corp. (In re Georgia Scale Co.), 134 B.R. 69, 70 (Bankr. S.D. Ga. 1991).

3

101(41)—and "estate, trust, governmental unit, and the United States Trustee," 11 U.S.C. § 101(15).

A decedent estate is an entity, not a person, under the Bankruptcy Code. 11 U.S.C. § 101(15). If Congress intended the definition of person to include an estate, it would not have listed "estate" as a separate category within the definition of entity. See David B. Young, The Intersection of Bankruptcy and Probate, 49 S. Tex. L. Rev. 351, 366 (2007); see also In re McKnight, 136 B.R. 891, 894 (Bankr. S.D. Ga. 1992) (quoting Laughlin v. U.S. I.R.S., 98 B.R. 494, 496 (D.Neb.1989), aff'd, 912 F.2d 197 (8th Cir.1990)("A basic doctrine of statutory construction declares that where possible, two statutes must be read so as to give meaning to each statute.")).

Entities are not covered by the codebtor stay in a chapter 13 case. See 11 U.S.C. § 1301. Therefore, the codebtor stay does not apply to the Estate of Willene McNair as a co-obligor on the Mortgage. Contra In re Case, 148 B.R. at 904 (ruling codebtor stay applies to an estate, but granting relief from the stay under 11 U.S.C. § 1301(c)).

## ORDER

Having determined that that the chapter 13 codebtor stay does not apply to the Estate of Willene McNair, Heritage Bank's Motion for Relief from the Codebtor Stay is **ORDERED DISMISSED.**

_____
JOHN S. DALIS
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
this 4th day of November, 2014.